UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JENNIFER BASNIGHT,

    Plaintiff,

v.

BAM HEALTHCARE ABERDEEN LLC,
A Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER BASNIGHT ("BASNIGHT" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, BAM HEALTHCARE ABERDEEN LLC, a Florida Limited Liability Company ("BAAL" or "Defendant") and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") and Florida's Whistleblower Act, at Section 448.102(3), Florida Statutes ("FWA") to recover from Defendant unpaid overtime compensation, back pay, front pay, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, punitive damages, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was an employee who performed Pharmacy Technician services on

behalf of Defendant in Palm Beach County, Florida.

3. Defendant is a Florida Limited Liability Company located in Palm Beach County, Florida and which at all times relevant, performed work in Palm Beach County, Florida.

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") as to the federal claims, and this court has supplemental jurisdiction over the FWA claims as they arise out of a continuing series of illegal activities committed by Defendant and involving Plaintiff's employment.

5. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Palm Beach County, Florida.

## **FLSA AND FWA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person.

10. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as medications.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without Pharmacy Technicians like Plaintiff.

13. Defendant, at all times material to this Complaint, employed in excess of ten (10) or more employees during Plaintiff's employment, and is a covered employer as defined by FWA.

## STATEMENT OF FACTS

14. Defendant, BAM HEALTHCARE ABERDEEN LLC, operates pharmacy service.

15. Plaintiff worked as a non-exempt Pharmacy Technician for Defendant from May 18, 2018, until her unlawful termination on January 25, 2019.

16. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. Plaintiff was not exempt from overtime under the FLSA and should have been paid her full and proper overtime compensation.

19. Throughout Plaintiff's employment, she regularly worked in excess of forty (40) hours per week but was not paid time-and-a-half for all hours worked per week in excess of forty (40).

20. Plaintiff had no authority to hire or fire employees of BAAL.

21. Plaintiff had no authority to discipline employees of BAAL.

22. Plaintiff had no authority to determine the schedules to be worked by any employees of BAAL, or to change their schedules.

23. Plaintiff had no authority to set rates of pay for other employees or agents of BAAL.

24. Plaintiff had no input into performance reviews of other employees or agents of BAAL.

25. Plaintiff was always closely monitored by BAAL's managers and supervisors.

26. Plaintiff followed procedures established by BAAL and did exactly as she was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. From May 2018 until December 2018, Defendant unlawfully paid Plaintiff **straight time** for all overtime hours worked.

29. Throughout January 2019, Defendant neglected to pay Plaintiff **at all** for all overtime hours worked.

30. Plaintiff regularly worked between forty (40) and fifty (50) or more hours per workweek for Defendant.

31. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

32. When Plaintiff worked more than forty (40) hours in each work week, Defendant failed to properly pay her for overtime hours worked.

33. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

34. On or about January 2019, after many months of unlawfully paying Plaintiff straight time for all her overtime hours worked, BAAL began manipulating Plaintiff's paystubs to falsely indicate that she only worked forty (40) hours per week, rather than the overtime hours she actually worked.

35. On or about January 17, 2019, Plaintiff contacted to Operations Manager, Robin Widroff ("Ms. Widroff") and objected to BAAL's illegal pay practices, and requested to be paid all her owed overtime hours at the appropriate rate.

36. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity." *See* 29 U.S.C. § 215(a)(3).

37. Additionally, objections to the foregoing illegal pay practices also constitute protected activity pursuant to Section 448.102(3), Florida Statutes.

38. Defendant dismissed Plaintiff's objections and refused to pay her the money she is owed.

39. Based on the lack of appropriate response to this serious objection, on January 23, 2019, Plaintiff reminded Ms. Widroff that she was still owed proper overtime compensation, and that she disagreed with the time clock manipulation to which she was subjected.

40. Again, Ms. Widroff dismissed Plaintiff's complaints and refused to compensate her appropriately under the FLSA.

41. On January 25, 2019, Defendant terminated Plaintiff immediately, and without a stated reason.

42. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

43. Under Florida law, terminating an employee for objecting to a violation of law, rule, or regulation, or the employee's reasonable belief that said conduct violates same, is a violation of the FWA. See Aery v. Wallace Lincoln–Mercury, LLC, 118 So.3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice, or what she reasonably believed to be illegal; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal). All of the above elements are met here.

44. There is an extremely close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's illegal pay practices and, and her termination.

45. Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

46. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe financial loss.

47. Furthermore, Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours

per week, as required by the FLSA, throughout her employment.

    48.    Defendant violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant.

    (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

    49.    Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

    50.    Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

    51.    Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

    52.    Based on the allegations above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices followed in

compliance with the FLSA.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

54. Plaintiff reincorporates and re-alleges paragraphs 1 through 53, above, as though fully set forth herein, and further alleges as follows:

55. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

56. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

57. Plaintiff was not an exempt employee as defined by the FLSA, regardless of Defendant's subjective beliefs or misclassification.

58. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

59. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of

       herein are in violation of the maximum hour provisions of the FLSA;

    b.    Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

    c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Award Plaintiff pre-judgment interest; and

    f.    Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

60.    Plaintiff reincorporates and re-alleges Paragraphs 1 through 53, above, as though set forth fully herein, and further alleges as follows:

61.    Plaintiff objected to Defendant's illegal pay practices on or about January 2019, and asserted violations of the FLSA.

62.    On January 25, 2019, Defendant illegally terminated Plaintiff from her employment in violation of 29 U.S.C. § 215(a)(3).

63.    Plaintiff was terminated for no other reason than her objections to Defendant's illegal pay practices.

64.    As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

65.    The retaliatory firing provision of the FLSA states that "it shall be unlawful for

any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

66. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the FLSA;

    b. Awarding Plaintiff lost/back wages since the date of her termination;

    c. Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF Fla. Stat. §448.102(3)

67. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-53 of the Complaint as if fully set forth herein.

68. In January 25, 2019, Defendant illegally terminated Plaintiff from her employment in violation of Section 448.102 (3), Florida Statutes.

69. Plaintiff's employment was terminated for no reason other than Plaintiff objecting to illegal activity, or what she reasonably believed to be illegal activity in violation of Section 448.102(3), Florida Statutes.

70. Plaintiff objected to a violation of a law, or what she reasonably believed to be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

71. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of May 2020.

Respectfully submitted,

***/s/ Noah E. Storch***

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*
